CASE 2—PETITION ORDINARY—OCTOBER 13.

## Kentucky Life & Accident Insurance Co. v. Kaufman.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. LIFE INSURANCE—FORFEITURE FOR NON-PAYMENT OF PREMIUM—
   One of the conditions on the back of a policy of life insurance,
   being that the insured "also agrees to pay said company a-

bi-monthly, semi-annual or annual mortuary payment, according to table rate printed hereon, within thirty days from date of policy (and thereafter on the 5th day of January, March, May, July, September and November), or within thirty days from day on which notice bears date," the thirty days allowed for the payment of assessments were not merely days of grace, but the meaning of the provision is that the contract of insurance remained in force for thirty days from the date of notice, and the insured having died within that time without having paid the assessment, the policy was not forfeited.

2. SAME.—The policy being in force at the time of the insured's death, the contract was thereby terminated, and the liability of the company fixed, and the relation of debtor and creditor created between the company and the beneficiary.

MARC MUNDY FOR APPELLANT.

1. The thirty days of grace allowed the assured to pay his assessment were for his convenience only, and he must have known and understood that his policy would determine, unless he paid premiums as stipulated. Want v. Blunt, 12 East, 163; Tarleton, etc., v. Standiforth, etc., 5 Term Reports, 695; Niblack, p. 63; May on Insurance, secs. 353, 354, 365; Mutual Benefit Co. v. Ruse, 8 Ga., 534; Bliss on Life Insurance, sec. 196.

2. The assured by failing to pay the balance within the limited period, that is within thirty days of grace, terminated his policy of his own volition. He had the option of making the payment at any time within the thirty days, he being in life. But as the payment when made would renew the contract and insurance for another bi-monthly term, it follows that the assured took the risk of his own death for the time being and only had the right to make such payment during his life, as the contract could not be made or renewed after his death. Hexter v. U. S. Life Insurance Co., 91 Ky., 360; Montgomery v. Insurance Co., 14 Bush; Grigsby v. Insurance Co., 10 Bush, 317; N. W. Insurance Co. v. Barbour, 92 Ky., 432; Richardson v. Insurance Co., 18 S. W. Rep., 165; Cook on Life Insurance, sec. 84; Carpenter v. Insurance Co., 68 Iowa, 453; Howell v. Knickerbocker Co., 44 N. Y., 281; Kline v. Insurance Co., 104 U. S., 88; Dennis v. Ass'n, 63 Maryland, 86.

PIRTLE & TRABUE, FOR APPELLEE.

1. Under the provisions of the policy and its conditions, it was plainly intended that it should remain in force and effect for thirty days after the notice. Baxter v. Brooklyn Life Ins. Co., 119.

N. Y., 450; Carter v. Life Ins. Co., 127 Mass., 153; Painter v. Industrial Co., 30 N. E. Rep. (Ind.), 876.

2. Forfeitures are not favored in law and the courts are always prompt to seize hold of circumstances that indicate an election to waive a forfeiture. Hartford Ins. Co. v. Unsell, 144 U. S., 439

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

A policy of insurance was issued on the life of Sebastian Kaufman for the benefit of his daughter, Mary Kaufman, for a sum not to exceed $1,000. The company seeks to defeat a recovery upon the ground that the policy was determined and not in force at the death of Kaufman. The policy was issued upon the condition and consideration of the payment of assessments and other sums in accordance with the by-laws and terms of the policy during its continuance. The following language appears in the policy:

"Upon the death * * * of the member aforesaid, while this certificate or policy is in force, all the conditions thereof having been conformed to by said member, and on the receipt by the said company of satisfactory proofs of such death, * * * the benefit herein provided shall be included in the next bi-monthly mortuary premium call upon the holders of all certificates in force at the date of such bi-monthly notice of assessment, according to the table of graduated payment rates given hereon, as determined by their respective ages, and the sum so collected thereon, less 2 per cent. of the mortuary fund for reserve or guaranty fund as hereinafter provided, or pro rata thereof, shall be paid (less ten cents per thousand on amount of insurance in force for expense and cost of collection, together with any balance due said company) in full satisfaction of this claim."

Some of the conditions on the back of the policy are as fol·
lows:

"2. Of Payments: The person to whom this certificate is
issued agrees to pay to said company $3 per annum on each
$1,000, as herein provided, for expenses, to be paid in quarter-
ly or bi-monthly payments in advance, and at every anni-
versary thereafter, so long as this certificate shall remain
in force. And also agrees to pay said company a bi-monthly,
semi-annual or annual mortuary payment, according to table-
rate printed hereon, within thirty days from date of policy
(and thereafter on the 5th day of January, March, May,
July, September and November), or within thirty days from
day on which notice bears date, payable at home office in
Louisville, Ky., and shall be paid as long as this policy
or certificate of membership is in force."

"7. Conditions of Acceptance: The holder of this certifi-
cate further agrees and accepts this policy on the express
condition that if any payment is not made to the company
within thirty days after the same is due, then this policy
shall terminate and be null and void and of no effect."

The right of recovery depends upon the meaning and
effect of the provisions and conditions of the policy. The
notice of the death of Kaufman was dated November 5, 1893,
and was presumably forwarded by mail on that day. On
the 17th of November, twelve days after the notice had been
issued, Kaufman died. It is earnestly insisted by counsel
for the insurance company that the thirty days allowed for
the payment of the assessments were simply days of grace,
and that the sum was due and payable on November 5th,
and that the insured failed to exercise the privilege of con-

tinuing the policy in force by paying the assessment before his death. The question turns then upon the provisions and conditions of the policy. Counsel cites numerous cases to sustain his contention, but after a careful examination we do not think they sustain his position. The provisions in the policies which the courts in those cases were called upon to construe were entirely different from those of the policy under consideration.

By the terms of condition (2) the first bi-monthly mortuary payment was required to be made within thirty days from the date of the policy. Payments thereafter were to be made on the 5th day of January, March, May, July, September and November, or within thirty days from date of the notice. It will be observed that the first mortuary payment was to be made within thirty days after the date of the policy and bi-monthly payments were to be made on the 5th day of the months stated, or within thirty days from the date of notice. The language does not import that the premiums were due on the 5th day of the months named, because it said that it can either be paid at such dates or within thirty days after the date of the notice. Condition (7) provides that if the payment of the premium is not made to the company within thirty days after the sum is due, then the policy shall terminate and be void. There can be no doubt that the meaning of this provision is that the contract remained in force for thirty days from the date of the notice, and of course it contemplates that the notice would be given on the 5th day of the months named. Forfeitures are never favored in the law, and courts are always prompt in holding to any circumstances that indicate an election to waive a

forfeiture or any agreement to do so in which the member has relied and acted.

This court has repeatedly approved that doctrine. In this case it is hardly necessary to invoke such a rule of law because the contract of the parties has declared that it was to be in force for a period which, in this case, covered the time at which the insured died. The policy provides that upon the death of the member if the policy be in force on receipt of satisfactory proof of death, the benefit provided in the policy is to be included in the next bi-monthly mortuary premium call upon holders of certificates in force at the date of such call. As we have said, Kaufman died on the 17th of November, eighteen days before the thirty-day period had elapsed. If the policy was in force, as we think it was, then the company became liable to the beneficiary in the policy the instant the insured died. When he died the contract was terminated and the liability of the company fixed. The relation of the debtor and creditor had been created between the company and the beneficiary. Had there been no provision in the policy giving the company the right to withhold enough of the sum due the beneficiary to pay the unpaid premium, then the law would permit the company to deduct that from the sum due under the policy. We are, however, not left to apply the law to such a condition because the policy provides that the sum to which the beneficiaries are entitled shall be paid, less "any balance due said company." This provision of the policy lends material aid to the court in its effort to arrive at a conclusion as to the intention of the parties to the contract. It was evidently contemplated that the deceased might die while the policy was in force

owing the company a part of the whole of bi-monthly premium. The case of Baxter v. Brooklyn Life Ins. Co., 119 N. Y., 450, fully sustains the views we have expressed. Counsel for appellee cites Klein v. Insurance Company, 104 U. S., 88; Yoe v. Benj. C. Howard Benevolent Association, 63 Maryland, 86, and Dennis v. Mass. Benefit Association, 120 N. Y., 496. In the case of Klein v. Insurance Co., the premium was due on the 1st of March, but was not paid until after the death of the insured, which occurred March 18th. The object of that action was to obtain relief against the forfeiture, and the court held that time was of the essence of the contract and refused the relief sought.

In the case of Yoe v. Howard Mutual Benefit Association it was the duty of the secretary to notify the insured of the death of a member of the association, and thereupon the member thus notified was required, within thirty days from the date of the notice, to pay the sum of $1.10, and, in case of neglect or refusal to pay it, his name was to be erased from the roll of members, and he forfeited all claims upon the association. On the 29th of August the notice required was sent to Yoe. On the 30th of September Yoe died, which was two days after the expiration of the thirty days. The court denied the right to recover because the assessment was not paid within thirty days after date of the notice. The thirty days expired before the death of the insured, and he failed to pay the assessment.

In Dennis v. Mass. Benefit Association the insured had thirty days in which to pay the premiums from the mailing of the notice of the assessment. The notice was mailed on February 15th, payment was due March 15th. The in-

sured died March 19th, and the court denied the right of the beneficiary to recover. It will be observed that the facts of those cases are entirely different from the case at bar. Had Kaufman failed to pay the assessment within thirty days, and died after the expiration thereof, then we would have before us a question similar to those considered in the cases to which we have referred. Counsel for appellant cites the opinion of Lord Ellenborough in Want v. Blunt, 12 East., 182. The provisions of the policy in that case were unlike those of the policy which is the basis of this action, and as the facts of that case are distinguishable from those of this case, it is unnecessary for the court to express an opinion as to whether it would approve the doctrine of that case were a similar case presented to it for adjudication.

The judgment is affirmed.