S. P. Beeman, Appellant, v. The Farmers Pioneer Mutual Insurance Association.

**Insurance:** ASSESSMENT: *Waiver*. The reception by a mutual insurance company, after a loss of part of the property insured, of an
1 assessment which had become payable before the loss occurred, does not waive a forfeiture of the policy for non-payment of such

assessment, under a provision of the policy that it shall be null and void in case of non-payment within a specified time "until" the assessment is paid; as the insured had the right to make the payment at any time, and the company was bound to accept it, to revive the policy for the remaining time as to the other property.

SAME    A second assessment by a mutual insurance company after a failure of a member to pay a prior assessment within the time required by a provision of the policy, that if any member fails to pay his assessment within a specified time after receiving notice thereof his insurance shall be null and void until such assessments are paid, does not estop it to claim that it is not liable on the policy because of the failure to pay the prior assessment.

NOTICE OF ASSESSMENT. A mutual insurance company organized under Acts Sixteenth General Assembly, chapter 103, expressly prohibiting such companies from receiving premiums or making dividends is not within Acts Eighteenth General Assembly, chapter 210, section 1, providing that in every instance where a fire insurance company takes a note for the "premium" of any policy, such company shall not declare the policy forfeited or suspended for non-payment of the note, without first giving a prescribed notice. Hence, the failure on part of such mutual company to give notice which conforms to such statutes, is not material.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, DECEMBER 17, 1897.

THE defendant is a mutual insurance company, and on the thirtieth day of October, 1893, it issued its policy to the plaintiff, for the term of five years, on certain property, including a frame dwelling house, which was, on the eleventh day of March, 1896, entirely destroyed by fire and this action is to recover therefor. The answer admits the insurance and loss alleged, and shows that the defendant company is a mutual insurance company that can insure no person not a member of the association; that plaintiff became a member thereof at the time he received his policy of insurance in the way provided by its laws; that by article 12 of the constitution of the association it is provided: "Should any member

fail to pay his assessment within thirty days from the date of notice of his assessment, his insurance in this association shall be null and void until such assessments are paid; but this provision shall not affect the liability of said member for such delinquent assessments, and also for any dues and assessments which may be levied for his share of any loss which may occur while such delinquent assessment is due and unpaid, or in course of collection." It then appears from the answer that an assessment was made on plaintiff's policy, payable October 1, 1895, which became delinquent November 1, 1895; that he was notified of such assessment the twenty-seventh of September, 1895, by the same being sent to his postoffice address; that February 10, 1896, another assessment was made, and notice thereof given, which assessment became delinquent about March 15, 1896; and that the first of said assessments was delinquent when the loss occurred, because of which the policy was void. It is admitted that on the twenty-seventh of March, 1896, both of the assessments were paid. In a reply, plaintiff pleads an estoppel because of the making of the second assessment, and because of the acceptance of payment of the two assessments. The cause was tried to the court without a jury, and at the conclusion it dismissed plaintiff's petition, and he appealed.— *Affirmed.*

*Woodin & Son* for appellant.

*C. H. Mackey* for appellee.

GRANGER, J.—I. There was no estoppel because of the second assessment, for the reason that it was the right, if not the duty, of the association to make it. The building burned was but a part of the property insured, and by the terms of the contract the plaintiff could at any time within the life of the policy on its face pay delinquent assessments, and

restore the policy. The language of the article of the constitution of the association above quoted is: "Should any member fail to pay his assessment within thirty days from the date of the notice of his assessment, his insurance shall be null and void until such assessments are paid." The only way of making assessments delinquent was to give notice, so that the thirty days might run in which payment could be made, and avoid delinquency. The same article provides that a delinquent member shall be liable for assessments levied while he is delinquent because of a prior assessment. Thus it will be seen that the liability of the plaintiff continued as to other assessments, and the only way to escape such liability is by payment of assessments due, when, under article 14 of the constitution, he may withdraw from membership. Under such conditions there could be no estoppel because of making the assessment. There is nothing in *McGowan v. Northwestern Legion of Honor*, 98 Iowa, 118, to sustain such a claim.

II. Both assessments were paid on the twenty-seventh of March, 1896, which was sixteen days after the loss occurred, and it is said that the acceptance of payment was a waiver of forfeiture of the policy. Numerous cases are cited to support the claim of waiver, but none of them are based on facts the same, in substance, as in this case. The payment of these assessments was necessary to restore the insurance provided for in the policy for the remainder of the period of five years. The plaintiff had the right to make the payments, and the association was bound to accept them, in order to revive the policy for the remaining time it had to run. There is not a word of testimony that the plaintiff paid under a misapprehension as to his rights because of it; not a word that he was misled by the acts or statements of the officers of the association. The record simply shows that he paid what was

due from him, and the law fixed his rights because of it under the terms of his contract with the association. By the very letter of his contract, he had no insurance when the loss occurred, because of his delinquency.

III.  It is said that the notices of the assessments are not sufficient, as not being in conformity to chapter 210, Acts Eighteenth General Assembly, for which reason the policy did not become void as to the insurance. It is a matter of fact that the notices did not conform to such requirements, either as to matter or form of service; but appellee contends that the chapter has no application to associations organized on the mutual plan. The following is section 1 of the chapter referred to: "Section 1. That in every instance where a fire insurance company or association, doing business in this state, shall hereafter take a note or contract for the premium on any insurance policy, or shall hereafter take a premium note or contract which, by its terms, or by any agreement or rule of the company or association, is assessable for the premium due on the policy for which it was given, such insurance company or association shall not declare such policy forfeited, or suspended for non-payment of such note or contract except as hereinafter provided, anything in the policy or application to the contrary notwithstanding." The other sections provide for a notice to be given before a forfeiture can be declared for unpaid premiums, and what the notice shall contain. The section quoted contains all the language as to what companies or associations are within the provisions of the act. The defendant association is organized under the provisions of an act of the Sixteenth General Assembly (chapter 103) and amendatory acts. It is organized on the plan of making mutual pledges and giving valid obligations to each other for their own insurance from loss by fire. Such associations are expressly prohibited by the act from

receiving premiums or making dividends. Referring to the section quoted from the act of the Eighteenth General Assembly, it will be seen that the act applies to companies or associations having a note or contract for a premium on an insurance policy, or a premium note or contract, which, by its terms, or by an agreement or rule of the company or association, is assessable for a premium due on a policy. The act has to do only with associations or companies allowed to receive premiums, and this association is not, and does not do it. The obligations of the members are for assessments made on the mutual plan, which the act under which it was organized does not recognize as a premium, for it provides for such obligations, but prohibits receiving premiums. The several provisions of the statute are conclusive of the question. Neither the policy nor the laws of the association provide for a premium, so that, as is thought by appellant, the policy is not the contract contemplated by the act. The judgment is AFFIRMED.