EZEKIEL JOHNSTON v. PHELPS COUNTY FARMERS' MUTUAL INSURANCE COMPANY.

FILED NOVEMBER 20, 1901.    No. 10,401.

Commissioner's opinion, Department No. 2.

1. Mutual Insurance: WAIVER OF FORFEITURE. A provision in the policy of a mutual fire insurance company that, if the member holding the policy "fails to pay any assessment * * * at the time specified in the notice sent him by the secretary," it shall become void, is within the purview of the rules as to waiver of forfeitures and will be waived by acts of the company inconsistent with an intention to rely thereon.

2. ———: ———: RECEIPT OF DELINQUENT ASSESSMENT. A further provision that, if the policy-holder afterward pay the amount due from him, the policy "shall be holding from the date of the receipt of said amount," will prevent receipt of the amount of a delinquent assessment from operating as a waiver of forfeiture under the prior provision, if at the time of the receipt of such assessment any of the insured property remains in existence to which the revived insurance may attach.

3. Quaere. Whether, if the delinquent assessment was levied prior to loss and to meet losses accruing prior thereto, receipt of the amount thereof subsequently with knowledge of the loss will constitute a waiver of the forfeiture, quære.

4. Waiver: RECEIPT OF SUBSEQUENT ASSESSMENT AFTER TOTAL LOSS. But where all the property covered by the policy is destroyed by fire while the policy-holder is delinquent, so that nothing remains to which renewal of the insurance might attach, receipt of the amount of subsequent assessments levied after the loss, in addition to the assessment levied prior to and delinquent at the time of the loss, with knowledge of the facts, is inconsistent with reliance upon the forfeiture and is a waiver thereof. National Masonic Accident Ass'n v. Burr, 44 Nebr., 256, distinguished.

ERROR from the district court for Phelps county. Tried below before BEALL, J. *Reversed.*

*Rhea Bros. & Manatt* and *J. A. Gardner,* for plaintiff in error.

*Stewart & Munger, contra.*

Argued orally by *Rhea,* for plaintiff in error; by *Stewart, contra.*

POUND, C.

The plaintiff became a member of the defendant, a mutual fire insurance company, and received a policy covering his barn and granary, and the wagons, buggies, harness, farm implements and machinery, hay and grain therein. In December, 1896, all of this property was destroyed by fire. At that time he was delinquent in payment of an assessment levied long prior for the purpose of meeting prior losses. The policy contained these provisions: "If the member who holds this policy fails to pay any assessment * * * at the time specified in the notice sent him by the secretary, this policy shall become null and void, but if he afterward pay the amount due from him this policy shall be holding from the date of the receipt of said amount then due. The company, however, will not be held liable during the time that this policy was made void by such delinquency." In order to avoid said provisions of the policy, which were pleaded and relied upon by defendant, the plaintiff pleaded and testified that after the loss, and with knowledge thereof, the defendant received the amount of said delinquent assessment, and also two subsequent assessments levied after the loss. He pleaded further and now insists that the delinquent assessment was irregular and of no validity and that proper notice thereof was not given. The lower court directed a verdict for the defendant and error is prosecuted from such ruling.

We need not consider the validity of the assessment nor

the sufficiency of the notice thereof, in view of the opinion which we entertain as to the claim of waiver. It is true that the provisions of the policy quoted do not stipulate for a complete forfeiture of the policy-holder's membership in case of delinquency, but only for a suspension of the right of indemnity during the period of such delinquency. Nevertheless, such suspension is a penalty attached to failure to pay any assessment at the time specified in the notice sent out by the secretary, and would seem to be within the purview of the well established rules as to waiver of forfeitures. A like stipulation in the policy of a stock company was considered in *Phenix Ins. Co. v. Bachelder,* 32 Nebr., 490, and it was there held that such stipulation might be waived. The same conclusion has been reached elsewhere as to mutual companies. *Farmers' Mut. Ins. Co. v. Bowen,* 40 Mich., 147, 149; *Marshall Farmers' Home Fire Ins. Co. v. Liggett,* 16 Ind. App., 598, 45 N. E. Rep., 1062. Hence we have next to consider whether the acts of the company pleaded and testified to by plaintiff amount to waiver of said provisions of the policy. The general principle with respect to which such questions must be determined is that acts inconsistent with an intention to rely upon the forfeiture or recognition of the continued validity of the policy notwithstanding and with knowledge of facts entailing the forfeiture will be held a waiver; neither a new agreement nor the elements of an estoppel are required. *Home Fire Ins. Co. v. Kuhlman,* 58 Nebr., 488; *Modern Woodmen of America v. Lane,* 62 Nebr., 89. Applying this principle, a solution in entire harmony with the cases cited by counsel for the respective parties may be reached readily. It is claimed by counsel for the defendant that receipt of the amount of the delinquent and subsequent assessments did not operate as a waiver, but merely reinstated plaintiff in his membership and revived his insurance from the date of payment. In view of the provision already quoted from the policy to the effect that if the policy-holder afterward pay the amount due from him the policy "shall be holding

from the date of the receipt of said amount," this position would be well taken if any of the insured property remained in existence at such date to which the revived insurance might attach. In such case, receipt of the delinquent assessment and of subsequent assessments by the company would be consistent with an intention to give insured the benefit of such provision as to reattachment of the insurance, and would be inconsistent in no way with intention to rely on the provision as to suspension of the insurance during delinquency. Under such circumstances there would be no waiver. *National Masonic Accident Ass'n v. Burr*, 44 Nebr., 256; *Beeman v. Farmers' Pioneer Mut. Ins. Ass'n*, 104 Ia., 83, 73 N. W. Rep., 597. It may be true, also, that where the delinquent assessment was levied prior to the loss and to meet losses accruing prior thereto, receipt of the amount thereof subsequently with knowledge of the facts would not constitute a waiver of the forfeiture. The assessment was made at a time when the member was in full standing, to meet losses incurred at a time when he was fully protected, and hence may be said fairly to have been earned prior to the forfeiture. Hence receipt of the amount thereof, is not necessarily inconsistent with an intention to rely upon the forfeiture. *Farmers' Mut. Fire Ins. Co. v. Hull*, 77 Md., 498, 27 Atl. Rep., 169. But see *Phœnix Ins. Co. v. Lansing*, 15 Nebr., 494; *Farmers' Mut. Ins. Co. v. Bowen*, 40 Mich., 149. The case at bar is to be distinguished from both of the classes of cases just considered. In the first place, according to the plaintiff's testimony, the property, the subject of insurance, was entirely destroyed, and nothing remained to which a renewal of the insurance from the date of payment might attach. In consequence, when the company accepted payment of the several assessments, with knowledge of the loss, after forfeiture, it could not claim to do so in the understanding that the policy was to reattach and continue in force. This condition of fact at once differentiates the case at bar from *National Masonic Accident Ass'n v. Burr, supra,* and the many cases of ac-

cident and mutual benefit insurance cited by counsel. When a man has suffered an accident pending forfeiture, he is not thereby cut off from the danger of other accidents and there is still a subject of insurance. But in fire insurance, a risk could only reattach in case something were left after the first fire upon which the insurance could operate. In such case, collection of subsequent assessments is clearly inconsistent with reliance upon the forfeiture, and could only be construed as a recognition of the continued validity of the insurance. *Marshall Farmers' Home Fire Ins. Co. v. Liggett,* 16 Ind. App., 598, 45 N. E. Rep., 1062; *Farmers' Mutual Ins. Co. v. Bowen,* 40 Mich., 149. We do not think the case of *Crawford County Mutual Ins. Co. v. Cochran,* 88 Pa. St., 230, makes for a contrary conclusion. In that case there was no payment of subsequent assessments nor other circumstance that might be held a waiver, and the court passed only upon the general effect of the provision in question. Further, it must be noted, the case at bar differs from those in which the assessment received was one levied prior to loss to meet losses incurred prior thereto, in that the defendant took also the amount of two subsequent assessments. The forfeiture is conditioned upon failure to pay assessments due at and prior to the loss, not every assessment that may be levied during the term of the policy. After loss, the relation between insurer and insured becomes one of debtor and creditor, not subject to this forfeiture clause in the policy; and, in consequence, no forfeiture arises from non-payment of an assessment falling due after loss. *Seyk v. Millers' National Ins. Co.,* 74 Wis., 67, 41 N. W. Rep., 443. As plaintiff was not bound to pay these assessments in case his insurance was forfeited, and as they could not have been paid for the purpose of causing the insurance to reattach to the property nor have been received with that understanding, all having been destroyed, receipt of such subsequent assessments is obviously inconsistent with reliance upon the forfeiture and must be held a waiver.

It follows that the court erred in directing a verdict for defendant, and we therefore recommend that the judgment be reversed and the cause remanded for a new trial.

SEDGWICK and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.