IDA WILSON, APPELLEE, V. NATIONAL LIFE & ACCIDENT
INSURANCE COMPANY, APPELLANT.

FILED MARCH 2, 1933.   No. 28433.

*King & Haggart,* for appellant.

*O'Sullivan & Southard* and *A. J. Whalen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY,
DAY and PAINE, JJ.

DEAN, J.

On or about December 5, 1921, a combined policy of
life, sickness and accident insurance was issued to Ida
Wilson, the plaintiff, by the National Life & Accident
Insurance Company, defendant herein.   The plaintiff, on
or about May 4, 1930, sustained injuries in an automobile
accident and, pursuant to the terms of the policy, she
was paid benefits by the defendant company for 140
days, or until October 26, 1930.   The plaintiff ceased her
premium payments on November 3, 1930, and the defend-
ant company contends that the policy thereupon lapsed
and that the liability of the company ceased.   The plain-
tiff thereupon began this action to recover disability ben-
efits for 140 days during 1931.   Trial to a jury was
waived and the court found for the plaintiff and against
the defendant company in the sum of $120, with lawful
interest from date, together with an allowance of $50 as
attorney's fees.

The defendant company contends that no liability for benefits during 1931 accrued prior to May 4, 1931, and that the policy had lapsed for nonpayment of premiums.

Neither party offered any evidence, but it was stipulated that the premiums were paid up to November 3, 1930; that the plaintiff was disabled on or about May 4, 1930, as a result of an automobile accident, and that her disability continued at the time of the trial; that no premiums were paid by the plaintiff subsequent to November 3, 1930; that due notice was given the defendant company of plaintiff's disability during the year 1931; and that the proofs of loss were waived by the company.

The policy provides that it shall not lapse for nonpayment of premiums until such premiums are four weeks in arrears, but further provision is made that the insured shall not be entitled to sick or accident benefits when premium payments are two weeks or more in arrears, and that the subsequent payment of such arrears shall not entitle the insured to benefits for sickness or disability "beginning or occurring during the period of such arrears." And the policy also provides that the payment of benefits during any twelve consecutive months shall be limited to 140 days.

Does the failure of the plaintiff to pay premiums on the policy in suit after the disability began bar a recovery of benefits? We are constrained to hold that the provision in the policy that an insured shall not be entitled to sick or accident benefits when premium payments are two weeks or more in arrears applies to disability occurring after the insured is in arrears and not to the facts in the present case. Likewise, the provision that the subsequent payment of arrears shall not entitle the insured to benefits for sickness or disability "beginning or occurring during the period of such arrears" does not apply herein, as the disability began before the period of arrears, and it appears to us that the word "occurring" must be construed as meaning happening during the period of arrears and without reference to a disability that was continuing, as

in the present case. On this point it has been held: "Under a policy of life insurance which also contained a total disability clause, lapse of the policy by nonpayment of the premium did not operate as a release of the company from any liability on a total disability claim which had arisen prior to such lapse." *Illinois Bankers Life Ass'n v. Byassee,* 169 Ark. 230. In *Railway Mail Ass'n v. Dent,* 213 Fed. 981, it is stated: "The cause of action against the association arose when the accident occurred, and was not subject to impairment by subsequent default of the insured in the conditions of continued membership." In *Seyk v. Millers Nat. Ins. Co.,* 74 Wis. 67, it was held that the nonpayment of an assessment falling due after a loss did not defeat an action upon the policy, even though the amount of the loss was not actually due to the insured when the assessment became payable. The *Seyk* case was cited by us in *Johnston v. Phelps County Farmers Mutual Ins. Co.,* 63 Neb. 21, where, in the body of the opinion at page 25, we stated: "After loss, the relation between insurer and insured becomes one of debtor and creditor, not subject to this forfeiture clause in the policy; and, in consequence, no forfeiture arises from nonpayment of an assessment falling due after loss." In *Kentucky Life & Accident Ins. Co. v. Kaufman,* 102 Ky. 6, the court held that the 30 days allowed for the payment of assessments were not merely days of grace, but that the meaning of the provision was that the contract of insurance remained in force for 30 days from the date of notice, and the insured having died within the time without having paid his assessment, the policy was not forfeited. And the court also held in the *Kaufman* case that, "the policy being in force at the time of the insured's death, the contract was thereby terminated, and the liability of the company fixed, and the relation of debtor and creditor created between the company and the beneficiary." In *Burkheiser v. Mutual Accident Ass'n,* 61 Fed. 816, where a member of a mutual benefit association died within 90 days after an accident that caused

his death, the court held that the fact that before his death he ceased to be a member, because of default in paying an assessment falling due after the accident, did not relieve the association from liability, since its liability became fixed at the time of the accident.

The defendant company contends that liability for accidental death benefits may very properly be said to accrue at the time of the accident, and that nonpayment of premiums during the specified period between the date of accident and date of death would not prevent a recovery, but it is argued that "liability for health and accident benefits does not accrue until proof of continuing disability is made." It is also contended that, under the provisions of the policy in suit, no liability for sickness or accident disability would accrue for the year 1931, until a certificate of continuing disability was furnished on and before May 4, 1931. On this point, however, as above noted, it was stipulated between the parties that due notice was given the defendant company of the plaintiff's disability during 1931, and that "proofs of loss were waived by the defendant company."

The general rule appears to be that default in the payment of assessments falling due after an accident does not relieve the insurer from liability. We conclude that, where the plaintiff was injured during the life of the policy and she continued her premium payments thereon for some months thereafter, during which time she received disability benefits from the insurer, the subsequent nonpayment of premiums does not relieve the insurer of liability, since such liability became fixed at the time of the accident and was not contingent on future payments of premiums.

The judgment is affirmed, with directions that $50 be allowed plaintiff's attorneys for services in this court.

AFFIRMED.