J. H. Wilson, Administrator of the Estate of Henry Wilson, Deceased, and Eugene Shonts, v. The Big Joe Block Coal Company, Appellant.

Mines and mining: ACTION FOR RENT: ABANDONMENT: EVIDENCE.
1 On an issue as to whether the defendant was justified in abandoning the mine of which he was the lessee, evidence of whether it had been or could be worked at a profit was material; but as

the witness was subsequently examined on that subject the rejection of the evidence in the first instance was not prejudicial.

**Exclusion of evidence:** PREJUDICE. The exclusion of evidence on an objection that the question is leading and assumes facts not shown by the record is not ground for reversal; for the party could pursue the inquiry by changing the form of the question to meet the ruling, and thus no substantial right was affected.

**Same.** The determination of a question on appeal becomes the law of the case, and evidence on a subsequent trial which can serve no purpose except to sustain such decision is immaterial and should be excluded.

**Mines and mining:** ABANDONMENT OF LEASE: EVIDENCE. In an action for rent where the issue was whether defendant was justified in abandoning the mine which it had leased, it was proper to permit the lessees superintendent to state on cross-examination whether he had attempted during a certain year to surrender the equipment of the mine to the lessor.

**Opinion evidence:** COMPETENCY OF WITNESS. A witness shown to have had experience in coal mining, qualified to state whether coal was properly mined, the approximate cost of mining it and the market price, is competent to express an opinion as to whether a mine can be worked at a profit.

**Burden of proof:** ORDER OF ARGUMENT. A lessor suing for rent of a coal mine and having the burden of establishing the amount due, had the burden on the whole case, and a request to allow defendant the opening and closing argument at the close of plaintiff's case was properly refused, although the defense of rightful abandonment of the mine was interposed. And the request was properly refused for the further reason that the court could not tell at the close of plaintiff's case whether the burden had so shifted as to give defendant the opening and closing argument

**Liquidated damages:** INSTRUCTIONS. In an action for rent under a mining lease providing for the mining of a certain quantity of coal yearly, but if the lessee failed to produce the amount he was to pay a certain royalty on the stipulated quantity, unless unavoidably prevented from taking the same out, no question of liquidated damages or penalty was involved in ascertaining the lessee's liability; and instructions relating thereto were rightly refused.

**Misconduct in argument:** INSTRUCTION: PRESUMPTION. Although certain remarks of counsel in argument to the jury were improper, still as the court cautioned the jury against being in-

fluenced thereby it is presumed that they followed the caution and a reversal is not ordered.

*Appeal from Appanoose District Court.*—HON. M. A. ROBERTS, Judge.

WEDNESDAY, FEBRUARY 10, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

SUIT at law to recover rent alleged to be due upon a mining lease. There was a trial to a jury and a verdict and judgment for the plaintiffs. The defendant appeals. —*Affirmed.*

*J. M. Wilson,* for appellant.

*Howell & Elgin,* for appellees.

SHERWIN, J.—This is the second appeal in this case. The decision on the first appeal may be found in 134 Iowa, 594, where a statement of the facts will appear more fully than in the present opinion. The appellant now relies for a reversal of the judgment below on errors alleged to have been committed by the trial court in ruling upon the introduction of testimony and upon errors alleged to have been committed in refusing to give certain instructions requested by the appellant and upon the misconduct of counsel in the examination of witnesses and in argument to the jury. A great many complaints are made on the rulings on the introduction of testimony, and it would be impossible for us to notice all of them without extending this opinion to an unnecessary length. Hence we shall call specific attention to only such errors as seem to be chiefly relied upon by the appellant.

The president of the defendant company, Mr. H. N. Taylor, was a witness for the defendant and was asked,

in substance, whether, during the time the mine in question

1. Mines and
Mining:
action for
rent:
abandonment:
evidence.

was operated by the appellant, it was operated at a profit or at a loss. He was asked the further question whether the mine could be operated at a profit or loss. It was material to show whether the appellant was justified in abandoning the operation of this mine, and one of the material elements of that question was whether the mine could be, or had been, operated at a profit. The testimony to which objections were sustained was therefore competent and should not have been excluded on the grounds upon which the objections were based; that is, that it was immaterial and incompetent. But the same witness during the course of his examination answered both questions substantially, and hence there was no reversible error in the ruling.

John Morris, a witness who testified in the case, was asked the question as to whether the direction in which the faults run should be taken into consideration in determin-

2. Exclusion of
Evidence:
prejudice.

ing whether or not it would be practical and profitable to continue the operation of the mine. The question was objected to as leading and assuming something not shown by the record, and the objection was sustained. The ruling is at least very questionable, but it is not very material because, if the party asking the question had desired to pursue the subject, he could have changed the form of his question so that it would comply with the ruling of the court. The ruling did not affect a substantial right, and we will not reverse unless such a result is caused by the ruling.

The lease upon which suit was brought provided that the lessees should mine not less than eight thousand tons of coal each year after they commenced operating the mine,

3. Same.

and it is further provided that if the lessees failed to mine eight thousand tons each year they were to pay a royalty on said amount at the

rate of five cents per ton, and this further stipulation followed: "But if second parties are prevented from taking out said coal on account of any matters that they can not avoid, then they shall not be required to take out any certain amount of coal or to pay for any amount not taken out." The appellant offered to prove that the language that we have just quoted was understood in a particular way among miners and mine operators in that vicinity and what such understanding was. It was not permitted to do so, and contends that the ruling was prejudicial error. We think otherwise, however. The question for determination in the case was, and has been since its inception, whether the mine could be operated at a profit. All that was claimed by the appellant in its pleadings was that it could not be so operated, and that was the vital question tried, presented to the jury, and determined. That it was a vital question in the case was determined by this court on the former appeal, and that decision became the law of the case at all subsequent stages. The testimony offered could have done no more than to sustain the decision of this court, and we hardly think that was necessary. The testimony was therefore immaterial and was properly excluded.

The appellant's general superintendent was a witness for the defendant, and, after testifying as to various matters, he was asked upon cross-examination if he did anything in the year 1898 in the way of surrendering over the equipment of the mine in question to the plaintiffs. He was allowed to answer over the defendant's objection. There was no prejudicial error in the ruling. The question was asked on cross-examination of the appellant's own witness and general superintendent, and we think it in no situation to complain of his answer. On the former appeal we held it incompetent for one of the plaintiffs to state generally whether the defendant had done anything towards aban-

*4. Mines and Mining: abandonment of lease: evidence.*

doning the mine, but that presented an altogether different question because he was an adverse witness, and the holding is not controlling here.

Several practical miners of long experience were called as witnesses by the plaintiffs and were permitted to testify, over the defendant's objections, in substance, as to whether

5. OPINION EVIDENCE: competency of witness.

the mine in question could be operated at a profit or whether it was practicable to operate it. The appellant contends that these men were nonexperts and should not have been permitted to express opinions on the subject under consideration. We think there is no merit in the complaint. All of such witnesses were shown to be men of experience in mine work. They were capable of determining the quality of the coal taken from the mine. They were also qualified to state whether the coal was properly mined and, approximately at least, what it cost to mine it, and, with the above knowledge and knowledge of the market price, it seems to us that they were clearly competent to express an opinion as to whether the mine could be operated at a profit.

At the close of the plaintiffs' evidence in chief, the appellant's attorney asked that it be permitted to open and close the argument to the jury. This request was refused,

6. BURDEN OF PROOF: order of argument.

and the ruling is one of the errors relied upon for reversal. There are two sufficient reasons why the ruling was right. In the first place, under the issues presented by the appellant, the burden of showing the amount due the plaintiffs under the lease, if anything was due, rested upon plaintiffs. Hence they had the burden on the whole case and were entitled to open and close. In the second place, the court could not well determine until after it had heard all of the evidence whether the burden had been so shifted as to change the order of argument or not, and the proper time to have made the request, under section 3701 of the Code, would have been at the close of all of the testimony.

The appellant asked the court to give the jury several instructions involving the question whether the clause of the lease that we have quoted provided for liquidated damages or a penalty only. These instructions were refused, and the refusal is assigned as error. We think there is no question as to the correctness of the ruling. There was no question of liquidated damages or penalty involved in the case. The lease provided for a stipulated rent or royalty, and this was the minimum amount which was to be paid. If the appellant removed more than 8,000 tons of coal a year, it was liable to the plaintiffs for the royalty or rent on the amount so taken; and, if the appellant failed to remove that amount or more, he was still liable to the plaintiffs for a sum certain.

7. LIQUIDATED DAMAGES: instructions.

The appellant urgently insists that the case should be reversed because of the misconduct of the plaintiffs' counsel during the trial of the case and in arguments to the jury. Plaintiff's counsel on several occasions referred to the fact that stockholders in the defendant corporation or company were men of wealth, and evidently sought to prejudice the jury against them on that account. In argument Mr. Elgin, of counsel for plaintiff, wanted to know why the appellants did not "bring Miller here in a Pullman Palace car along with Harkness and Taylor," and further along he referred to the elegant four-in-hand used by Mr. Taylor on the streets of Chicago. Mr. Howell in his argument to the jury stated that the case had been once before tried and determined in favor of the plaintiffs, but had been reversed by the Supreme Court on some technicality. He further said: "I have never had a client who was more scrupulously honest than Gene Shonts, and he has told me not to make any misstatements to this jury. He has told me to be absolutely fair and honest with this jury." We have given above the substance of the objectionable remarks

8. MISCONDUCT IN ARGUMENT: instruction: presumption.

made by plaintiffs' counsel, and we reach the conclusion, after not a little hesitation, that we should not reverse the case because of this departure from correct practice. Counsel were clearly guilty of pettifogging, a practice that lawyers should not indulge in even in a justice court, much less in a court that is called upon to try great and important matters; but the judge in his instructions cautioned the jury that it should not be influenced by any such considerations, and we will presume that the jury followed the instructions and were not influenced by the remarks of counsel.

Some other alleged errors are discussed by the appellant's counsel, but we find nothing further requiring specific notice. The plaintiffs submitted with the case a motion to strike appellant's brief and argument because not made in compliance with rule No. 54. The motion is overruled.

We find no error in the record calling for a reversal of this case, and the judgment is therefore *affirmed*.