E. W. ADAMSON, Appellee, v. NOAH HARPER, Appellant.

**Replevin:** PRESUMPTION: BURDEN OF PROOF: DEMAND. In an action
1 of replevin to recover the possession of cattle surreptitiously taken from plaintiff's pasture and possession, a presumption arises in favor of the ownership of plaintiff and his right to possession, and the burden is upon the defendant claiming ownership to establish that fact, and that they were not wrongfully taken under the writ. Nor was it essential for plaintiff to demand their return before bringing suit, or for defendant to demand their return before defending the action.

**Same:** BURDEN OF PROOF: INSTRUCTION: ESTOPPEL. Where the de-
2 fendant's counsel at the close of the testimony asked the right to open and close the argument, on the ground that defendant having taken the cattle from plaintiff's pasture without his knowledge or consent did so at his peril, and that he acquired no right from the fact of possession thus gained but that the burden was upon him to prove his ownership, he could not complain that the court adopted the same theory and instructed the jury that the burden was on defendant.

**Same:** DAMAGES: REMITTITUR: EFFECT. Where the plaintiff offered
3 to remit the damages awarded by reason of the detention of property taken under a writ of replevin, he could not complain of the rulings of the court upon the admission of evidence on the subject, or of the instructions or the verdict.

View of property by jury: DISCRETION.  Permission to the jury to view cattle, the subject of an action of replevin, is a matter of discretion with the court, and refusal of the request is not an abuse of discretion.

Evidence: ORDER OF PROOF: DISCRETION.  The order of the introduction of evidence is largely a matter of discretion with the court, and its ruling involving simply that question will rarely be disturbed on appeal; especially where there was no request to meet such testimony.

Evidence: HABITS OF ANIMALS.  Witnesses familiar with the habits and customs of animals under different circumstances and conditions may testify to their habits, whenever material to the inquiry.

*Appeal from Appanoose District Court.*—HON. F. M. HUNTER, Judge.

TUESDAY, NOVEMBER 11, 1913.

ACTION in replevin to recover the possession of two steers and damages on account of the detention thereof.  Plaintiff claimed that he was the owner of the animals and that defendant wrongfully detained the same from him.  Defendant denied plaintiff's ownership, pleaded that he was the owner and entitled to the possession thereof.  Plaintiff asked a return of the property or, if this could not be had, that he have judgment for the value thereof, alleging them to be worth the sum of $125, and for $25 damages.  On these issues the case was tried to a jury, resulting in a verdict finding that plaintiff was entitled to the possession of the property and awarding him $7.50 in damages by reason of the wrongful detention thereof.  Defendant appeals.—*Affirmed* on condition.

*Porter & Greenleaf*, for appellant.

*Howell & Elgin*, for appellee.

DEEMER, J.—The main question in the case was the indentity of the animals, and much testimony, decidedly con-

flicting in character, was introduced upon this issue. It appears from the record, however, that plaintiff was in the peaceable possession of the animals which were being kept in a pasture owned or controlled by him, and that shortly before the commencement of this action defendant went to this pasture, took down the fence, and drove the cattle to his own place, where he turned them into a pasture with other cattle owned by him, where they were at the time they were taken on the writ of replevin sued out by plaintiff in this action.

Plaintiff testified to his possession of the cattle before they were taken by the defendant and also to the fact that he was the owner thereof; all this without any objection from the defendant. Defendant also admitted that without plaintiff's knowledge, permission or consent he took the animals from plaintiff's pasture and turned them into his own. In view of this record, the trial court gave the following, among other, instructions:

1. REPLEVIN: presumption: burden of proof: demand.

It is also conceded in the evidence that just prior to May 30, 1910, the two steers in litigation were in possession of the plaintiff, Adamson, on his farm, and that on or about that date the defendant, Harper, without knowledge or consent of the plaintiff, Adamson, went in upon the farm of the plaintiff and took and drove the said steers from the plaintiff's farm onto his own (the defendant's) farm and kept them in his (the defendant's) possession until the same were taken from him by the sheriff of this county under the writ of replevin and delivered them to the plaintiff. Now you are instructed that this casts upon the defendant, Harper, the burden of establishing by the evidence that he was in fact the owner of the steers and entitled to possession of them when this action was commenced, and before the defendant Harper can recover in this action in so far as the same relates to or concerns the black steer referred to in the pleadings, he must establish by a preponderance of the evidence the following two propositions: (A) That at the time of the bringing of this action (June 2, 1910) he was the owner of and entitled to the immediate possession of the said black steer. (B)

That the plaintiff, Adamson, wrongfully deprived him of the possession of said black steer and wrongfully retained the same in his possession. Now if you find each one and both of said propositions of fact A and B have been established by a preponderance of the evidence, then your verdict should be for the defendant upon his claim for the possession of the black steer. On the other hand, if you fail to find each one and both of said propositions of fact A and B have been so established, then your verdict should be for the plaintiff for the possession of the black steer referred to in the pleadings.

The same instruction was also given as to the other steer, and in addition the court said:

Ninth. The character of replevin proceedings is to have determined whether the plaintiff was, at the time of the bringing of the action, entitled to the possession of the property sought to be replevined, but under the evidence in this case you are instructed that the plaintiff was presumed to be the owner of the steers in question and entitled to their possession at the time (June 2, 1910), which presumption continues with him until it is overcome by the evidence in this case; but, if the defendant Harper has established by a preponderance of the evidence that he was on the 2d day of June, 1910, the owner of the black steer in question, then he was entitled to retain him in his (Harper's) possession and Adamson's taking him under the writ of replevin was wrongful; but, if Harper has not so established that he was the owner of the black steer, then he was not entitled to the possession of him, and his possession was wrongful, and Adamson's taking him under the writ of replevin was not wrongful.

The same instruction was given as to the other steer, and in addition the court said:

Eleventh. As both parties are claiming to have been the owner of the steers at and before the bringing of this action, it was not essential that a demand for the possession of the steers be made by Adamson upon Harper before bringing this action, and neither was it essential that a demand for the return of the steers be made by Harper upon Adamson before defending this action.

These instructions are complained of. In view of the

fact that defendant went to plaintiff's pasture and surreptitiously took the cattle from his (plaintiff's) possession, we think the instructions were and are substantially correct. *Cumberledge v. Cole,* 44 Iowa, 181; *Delancey v. Holcomb,* 26 Iowa, 94.

In addition to this, we find the following on the record:

Claude R. Porter: Now at the close of all of the testimony the only question being involved in this case being as to the ownership of the property, and there being no conflict 2. SAME: burden  but what the defendant took said cattle from of proof: instruction: estoppel.  the inclosure of the plaintiff, *and that he took* said cattle at his peril, and that the fact of *possession in him does not give him the benefit, but the burden is upon him to establish the ownership of said cattle,* and the defendant at this time asks the court for the opening and closing.

C. F. Howell, Attorney for Plaintiff: That does not follow. We challenge that.

The court: The court holds that the burden of proof is on the main issue in this case upon the defendant, and that the defendant is entitled to the opening and closing arguments. (The plaintiff excepts.)

Manifestly in the face of this record, defendant has no ground for complaint, because the court adopted the views insisted upon by his attorney. It is useless to cite authorities to sustain so plain a proposition.

II. Several complaints are made of the rulings of the court relating to testimony regarding the damages suffered by the plaintiff by reason of the detention of the cattle, of the instructions to the jury upon this subject, 3. SAME: damages: remittitur: effect.  and of the verdict fixing the amount thereof. The amount awarded by the judgment was $7.50, and, as plaintiff has offered to remit this amount and has presented a remittitur to that effect, the errors with reference to this matter are not prejudicial and will not be further noticed.

III. The defendant asked that the jury be sent to view

the cattle, but because of plaintiff's objections, which need not be reproduced, the request was refused. At any rate the matter was discretionary with the trial court, and no abuse of discretion is shown. It is doubtful if a view of the animals in such cases as this is very helpful. The animals are not demonstrative testimony, and without oral evidence a view thereof is useless. With it a view is quite as likely to be misleading as helpful. That the ruling was within the sound discretion of the trial court, see *King v. Iowa M. R. R. Co.,* 34 Iowa, 458; *Clayton v. C. I. & D. Ry. Co.,* 67 Iowa, 238; *Chicago Tel. Sup. v. Telephone Co.,* 134 Iowa, 252; *Huggard v. Glucose Co.,* 132 Iowa, 724.

4. VIEW OF PROP-
ERTY BY JURY:
discretion.

IV. Complaint is made that plaintiff was permitted to introduce testimony in rebuttal which was a part of his main case. We are not at all certain that the testimony complained of was not proper in rebuttal. But, however this may be, the order of introduction of testimony is within the discretion of the trial court, and we rarely interfere simply because testimony is adduced out of its regular order. *Hess v. Wilcox,* 58 Iowa, 380; *Crane v. Ellis,* 31 Iowa, 510. No abuse of discretion is shown, and, as defendant did not ask permission to meet this testimony, he has no ground for complaint. See, also, section 3700 of the Code.

5. EVIDENCE: or-
der of proof:
discretion.

V. Various witnesses, shown to have been familiar with the habits and customs of animals under different circumstances and conditions, were permitted to testify as to those habits. There was no error here. The testimony was from competent witnesses and related to a material inquiry in the case. *Delfs u. Dunshee,* 143 Iowa, 381.

6. EVIDENCE: hab-
its of animals.

VI. Complaint is made of the argument made by one of plaintiff's counsel to the jury. The argument seems to have had some justification in fact and in any event must be held non-prejudicial. The trial court so thought, and we see no occasion for reversing his ruling in this respect. *Brusseau*

v. *Brick Co.*, 133 Iowa, 245; *State v. Donavan*, 125 Iowa, 239; *In re Wharton's Will*, 132 Iowa, 714.

VII. Other matters complained of are inconsequential and need not be noticed. The rulings seem to be correct, but, if incorrect, they were non-prejudicial. As plaintiff has filed a remittitur of the damages awarded, the judgment will be affirmed on condition that this remittitur be immediately entered of record and the judgment modified to this extent, either in this court or the court below. The costs of this appeal to be taxed to appellant.—*Affirmed* on condition.