## ANNA PETERSON v. MURPHY TRANSFER & STORAGE COMPANY AND ANOTHER.[1]

November 8, 1935.

No. 30,506.

[1]Reported in 263 N. W. 117.

*Jackson, Walsh & Yackel,* for relator.
*Fred A. Ossanna* and *Irving H. Green,* for respondent.

LORING, JUSTICE.

This case comes here on writ of *certiorari* to review the decision of the industrial commission awarding compensation to Anna Peterson, the partly dependent mother of Clarence Peterson, deceased. Clarence died from injuries received in the course of his employment and left surviving him both a father and mother, who, being partly dependent upon him, had received in excess of $8 per week from Clarence, whose wages were $18 per week in his employment for the relator. They were accordingly awarded $8 per week as compensation under the act. Later the father died, and the commission has awarded to the mother 35/45 of the compensation previously awarded both parents upon the theory that although there is no separate provision of statute in such a case, relative to partly dependent surviving parents, the award should be controlled by the provisions of the statute in regard to totally dependent parents. It is the contention of the relator that she should be paid but one-half of the original award to both. Before the referee and the commission Mrs. Peterson took the position that she was entitled to the $8 minimum, but she has not sought to review the decision of the commission.

There was no evidence taken on the hearing before the commission upon Mrs. Peterson's application for an order to determine her compensation after the death of her husband, which occurred March 8, 1934; so we have a record which shows only that the deceased employe was being paid $18 per week, that he contributed in excess of $8 of that amount to his parents, who were therefore awarded $8 per week in a joint award after his death.

1 Mason Minn. St. 1927, § 4275, subd. 17, provides:

"Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of wages regularly contributed by the deceased to such

partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

Subdivision 19 of that section, after providing a maximum and minimum for persons wholly dependent on employes who have been killed, provides that in case the employe receives wages of $8 or less per week, compensation to those wholly dependent shall be the full amount of such wages per week, subject of course to the limitations and number of weeks provided in the act. Subdivision 19 then provides:

"The compensation payable to partial dependents shall be subject to a maximum of twenty ($20.00) dollars per week and a minimum of eight ($8.00) dollars per week; provided that if the income loss of the said partial dependents by such death is eight ($8.00) dollars or less per week; then the dependents shall receive the full amount of their income loss."

There is a provision in subd. 14 of the section that where both surviving parents are wholly dependent they shall receive a joint award of 45 per cent of the weekly wage, and, upon the death of either, the survivor shall receive 35 per cent of such wage. There is no such specific provision in regard to partially dependent parents unless subd. 14 is applicable. We are therefore confronted with the problem of what shall be done under the act in a situation such as the one here presented.

The commission applied the provisions of subd. 14 to partially dependent parents and made an award of $6.22 per week.

As we regard the act, the various provisions in § 4275 relating to partial dependents must be construed together. Subdivision 17 is the basic provision for such dependents and requires the commission to give them a certain proportion of what would be given to actual (meaning wholly) dependents, subject to the maximum and minimum provided in subd. 19. Subdivisions 14 and 17 have been in the act since 1913 and were evidently considered by the legislature as mutually applicable to partial dependents. The original order made upon the death of Clarence is not before us for review,

and we must assume that it conformed to law. The question of amount of actual contribution was therein determined and is closed. The award being joint, we are of the opinion that its reduction by death of one parent is then controlled by subd. 14.

The order of the commission is affirmed and the writ discharged. Respondent is allowed $75 attorneys' fees in this court.

